## UNITED STATES v. DANIELS et al.

### In re APPELL.

District Court, N. D. California, S. D. March 5, 1927.

No. 8840.

Criminal law ⬤⇒982—Experienced lawyer held not entitled to probation, after conviction for assisting another to bribe prohibition agent (18 USCA §§ 724–727; Cr. Code, § 39 [18 USCA § 91]).

A lawyer of wide experience, *held* not entitled to probation, as permitted by virtue of 18 USCA §§ 724–727, after conviction on charge of violating Criminal Code, § 39 (18 USCA § 91), by abetting and assisting another to bribe a prohibition agent.

At Law. Motion by George Appell for probation, after conviction on the charge of abetting and assisting another to bribe a prohibition agent. Motion denied.

George J. Hatfield, U. S. Atty., of San Francisco, Cal.

Bert Schlesinger and S. C. Wright, both of San Francisco, Cal., for defendant Appell.

KERRIGAN, District Judge. George Appell was indicted and convicted on the charge of violating section 39, Criminal Code (18 USCA § 91), in that he abetted and assisted another to bribe a prohibition agent,

an official acting for and on behalf of the United States. The case is now before me on a motion for probation.

The probation law (18 USCA §§ 724–727), is founded upon humanitarian considerations, and, if administered in the light of the purpose of its enactment, will prove to be of value in the prevention of crime and in the restoration to the ranks of upright citizens of many who, through their ignorance, youth, inexperience, or weakness of will, have been guilty of infractions of the law. From its very nature, however, this law can be easily abused, if courts and officials concerned in its administration allow their sympathies to dictate their actions, with the result that convicted persons shall be granted probation so commonly that fear of punishment for crime loses its preventive influence.

A tendency in this direction has already been observed, and has produced a natural reaction, so that we find that the repeal of this beneficial law is being advocated by students of criminology. If that result is to be averted, firmness and good judgment must take precedence over the quality of mercy in its administration. I think the true scope of the law is found in dealing with young and first offenders, when the possibility is plainly indicated that they may, in spite of a single departure from rectitude, be retained in the ranks of their law-abiding fellow citizens. It was certainly not the intent of the law to give every person an opportunity to commit at least one criminal offense freed from liability to punishment therefor.

The petitioner here is not of that class for whose benefit the law was enacted. He has reached years of discretion, is a lawyer of wide experience, and could not but have realized just what he was doing when he committed the act of which he stands convicted. Such realization did not deter him from deliberately breaking the law. Probation would not affect his attitude towards society, change his standard of conduct, and, if granted, would not, in my opinion, carry out the purpose of the enactment. He was defended by exceptionally able counsel. He had a fair trial. Upon appeal the judgment of conviction was sustained. The sentence imposed seems, under all the circumstances, to fit the offense, and it seems to me that, after the court and its officers had engaged in a long trial, resulting in conviction, to grant the petition for probation would be to reduce the activities of the court and its officers to idle gestures.

The sentence imposed was not severe. The defendant should serve that sentence.

The motion for probation is accordingly denied.

So ordered.